IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JACQUELINE BRADLEY**, | Civil Case No. 09-852-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **JAMES ROY CRAIG, JR.; PACIFICAB COMPANY,** an Oregon coporation; **PACIFICAB COMPANY I INC.,** an Oregon corporation; and **TRI-MET,** an Oregon Municipal corporation, | |
| Defendants. | |

    Paul J. Vames
    Harris Law Firm, P.C.
    165 SE 26th Avenue
    Hillsboro, Oregon  97123

        Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Jana Toran
TriMet
4012 SE 17th Avenue
Portland, Oregon  97202

       Attorney for Defendant TriMet

James Roy Craig, Jr.
3181 SE Robin Circle
Hillsboro, Oregon  97123

       PRO SE Defendant

Gary K. Kahn
Peggy Hennessy
Reeves Kahn & Hennessy
4700 S.W. Macadam, Suite 201
P.O. Box 86100
Portland , Oregon  97286-0100

       Attorneys for Pacificab Company Inc.

KING, Judge:

      Jacqueline Bradley brings suit against defendants James Roy Craig, Jr., PacifiCab Company, PacifiCab Company I, Inc., and TriMet arising out of Craig's sexual assault on her. Before me is plaintiff's Motion to Remand (#31) and TriMet's Amended Motion to Dismiss (#30).

## BACKGROUND

      Bradley filed her lawsuit in the Washington County Circuit Court in June 2009. TriMet removed the case to this court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, asserting that Bradley alleged violations of her civil rights under 42 U.S.C. § 1983. Bradley's complaint primarily contained state claims, including claims of battery and negligence against Craig, and negligence against the cab companies and TriMet. In her claim against

Page 2 - OPINIOIN AND ORDER

TriMet, however, Bradley alleged in one paragraph, "Contrary to the provisions of the Federal Civil Rights Act of 1871, as amended (42 USC Section 1983), Tri-Met [sic] was reckless in allowing Defendants PacifiCab and PacifiCab I Inc to engage in procedures that led to the hiring, supervision and retention of Defendant Craig." Compl. ¶ 29.

TriMet moved for judgment on the pleadings. I granted the motion in part and directed Bradley to file an amended complaint setting forth with more specificity her factual allegations as to TriMet's negligence.

In her First Amended Complaint, Bradley alleges battery and negligence claims against Craig, and negligence and vicarious liability claims against PacifiCab Company, PacifiCab Company I, Inc., and TriMet. She has not asserted a claim under § 1983, nor does she seek relief under any other federal statute.

Bradley's counsel sought consent from the defendants to remand the case to Washington County Circuit Court. All counsel, except TriMet's, consented.

## LEGAL STANDARDS

A court has supplemental jurisdiction over state law claims that are so related to the claims over which the court has federal question jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). A federal district court, however, has discretion to decline to exercise supplemental jurisdiction under the conditions set out in 28 U.S.C. § 1367(c). Those conditions are:

    (1)  the claim raises a novel or complex issue of State law,
    (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3)  the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision to decline jurisdiction is informed by the "values of economy, convenience, fairness and comity." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).

## DISCUSSION

Bradley, having dismissed her sole federal claim, asserts claims based only on state law. Accordingly, no claims remain over which this court has original jurisdiction.  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988).  Indeed, when federal law claims are "eliminated at an early state of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." <u>Id.</u> at 351.

The fact that no federal claims remain in the case, together with the fact that this case is in the beginning stages, counsels in favor of declining jurisdiction.  I find that considerations of efficiency and convenience, as well as comity, support a remand to the Washington County Circuit Court.  See <u>Carnegie-Mellon</u>, 484 U.S. at 351 (court has discretion to remand or to dismiss without prejudice).

TriMet suggests that I should retain jurisdiction over the claims Bradley asserts against it while remanding the remaining claims to Washington County Circuit Court.  I decline to do so.  Contrary to TriMet's contentions, I do not view Bradley's pleading as a blatant and inexcusable attempt to manipulate the forum.  Even if I could retain a state-law claim without any other basis for federal jurisdiction–one that shares a common nucleus of fact with the other claims–I do not believe that splitting up the case furthers the interests of comity, efficiency, economy or fairness.

Washington County Circuit Court is in as good a position to evaluate TriMet's motion to dismiss, if not better, as I am. See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." ).

## CONCLUSION

Based on the foregoing, plaintiff's Motion to Remand (#31) is GRANTED. Since I decline to exercise jurisdiction over the case, I do not rule on TriMet's Amended Motion to Dismiss (#30). The clerk is directed to remand this case to the Washington County Circuit Court.

IT IS SO ORDERED.

Dated this _____17th_____ day of December, 2009.

       /s/ Garr M. King_____
      Garr M. King
      United States District Judge